J. Blake Mayes (No. 024159)
Claudia Z. Horan (No. 030243)
**MAYESTELLES PLLC**
3636 North Central Avenue, Suite 1000
Phoenix, Arizona 85012-1927
Telephone: 602.714.7900
courts@mayestelles.com
*Attorneys for Plaintiff*

ELIZABETH STRANGE
Acting United States Attorney
District of Arizona
LAURENCE G. TINSLEY, JR.
Assistant U.S. Attorney
Arizona State Bar No. 012581
Two Renaissance Square
40 North Central Ave., Suite 1800
Phoenix, Arizona 85004-4408
Telephone: 602-514-7500
Facsimile: 602-514-7760
Email: Laurence.Tinsley@usdoj.gov
*Attorneys for Defendant United States of America*

# IN THE UNITED STATES DISTRICT COURT

## FOR DISTRICT OF ARIZONA

| | |
|---|---|
| SETH HARTMAN,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | No. 2:17-CV-02444-JT<br><br>**JOINT PROPOSED CASE MANAGEMENT PLAN** |

Pursuant to Fed. R. Civ. P. 16 and 26(f), LRCiv 16.2, and General Order 17-08, Plaintiff and Defendant hereby certify that they have met and conferred regarding this matter at least 21 days before the Pretrial Scheduling Conference currently scheduled for January 8, 2018. The Parties have developed and now submit the following Joint Proposed Case Management Plan pursuant to the Court's November 9, 2017 Order.

**1)     Nature of the Case.**

**Plaintiff**: This lawsuit arises out of a motor vehicle collision that occurred on December 1, 2014, in Phoenix, Arizona. Mr. Hartman was traveling southbound on 27th Avenue near Pierson Street on his motorcycle when the driver of a United States Postal

Service truck acting within the course and scope of his federal employment, Michael James Haney, failed to yield to the right of way when turning out of a private driveway and collied with Mr. Hartman. According to the report, Mr. Haney was traveling 40 mph where the posted speed limit was 5 mph.

Mr. Haney was cited with violating A.R.S. § 28-774, which mandates that the driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all closely approaching vehicles on the highway. Mr. Haney had the option to plead not responsible and proceed to a civil traffic hearing to dispute his liability for violation of A.R.S. § 28-774 and for causing the collision. Instead, Mr. Haney participated in defensive driving school. Mr. Haney was acting in the scope of his federal employment with the United States Postal Service when he negligently operated his United States Postal Service vehicle resulting in injuries to Seth.

**Defendant**: The United States disputes that it bears fault. Plaintiff's claims that its employee Michael Haney was driving at 40 mph at the time of the crash and that he collided into Plaintiff are false. Rather, the United States alleges that the police report obviously reverses the speeds for Plaintiff's and Defendant's vehicles, and that Plaintiff's contributory negligence caused this crash. Defendant also alleges that its employee acted with due caution under the circumstances.

Haney pulled cautiously from a driveway onto 27th Avenue to make a left turn, and looked to the left, the right, and left again before proceeding, as an ordinary prudent driver under the circumstances. When he first looked left, he did not see Plaintiff, suggesting that Plaintiff pulled onto 27th Avenue at a high and unreasonable rate of speed, and into the side of the Postal Truck. Witnesses stated that Plaintiff was "gunning it" and that Haney was not at fault. Just before the crash, Haney saw Plaintiff out of the corner of his eye through a mirror.

Plaintiff also stated at the scene that he "knew this was going to happen" over and over after the accident, further suggesting he was contributorily negligent. Plaintiff also stated to his health care providers that he swerved to avoid another vehicle that had also

pulled out of the parking lot from which Haney emerged before crashing into Haney, suggesting that another nonparty vehicle was at fault, which will reduce the fault, if any, assessed against the United States.

Finally, Plaintiff's claims for damages, including a broken leg and traumatic brain injury, are undermined by his prior medical conditions and psychological issues, including his tendency toward crime and violence which caused him to be convicted of at least two felonies within 10 years preceding these events. His claim of head injury is also undermined by his failure to wear a helmet that would have protected him from the injuries claimed. Though Plaintiff has placed his medical condition at issue, Plaintiff has inappropriately redacted many of his medical records which prevents Defendant from fully evaluating this case. Defendant anticipates that Plaintiff will have to be examined by several physicians pursuant to Rule 35 to gain a fair understanding of his medical and psychological condition.

**2)** **Elements of Proof Necessary for Each Count of the Complaint and Each Affirmative Defense.**

Government liability is determined by the law of the state where the act or omission occurred. 28 U.S.C. § 1346(b). The Government's liability is "in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674.

**a.** **Plaintiff's Complaint.**

Count I: Negligence. A plaintiff must prove four elements to sustain a claim for negligence: (1) a duty requiring the defendant to conform to a certain standard of care, (2) a breach by the defendant of that standard, (3) a causal connection between the defendant's conduct and the resulting injury, and (4) actual damages. *Sanders v. Alger*, 242 Ariz. 246, 394 P.3d 1083 (2017).

Count II: Negligence *per se*. A person who violates a statute enacted for the protection and safety of the public is guilty of negligence *per se*. *Good v. City of Glendale*, 150 Ariz. 218, 722 P.2d 386 (Ct.App. 1980). When a law or regulation has been enacted for public safety, failure to comply with that law or regulation is negligence *per se* if such conduct is the proximate cause of an injury and the Plaintiff demonstrates that he or she is within the

3

class of persons the statute is designed to protect. *Hatch Dev., LLC v. Solomon*, 240 Ariz. 171, 177, ¶ 21, 377 P.3d 368, 374 (App. 2016).

Count III: Vicarious Liability. "[A]n employer may be held vicariously liable on the theory of *respondeat superior* for negligent driving of a vehicle by its employee if the facts establish an employer-employee relationship and the negligence of the employee occurred during the scope of [his] employment." *Alosi v. Hewitt*, 229 Ariz. 449, 455, ¶ 34, 276 P.3d 518, 524 (App. 2012). The FTCA therefore authorizes recovery for Plaintiff's injuries pursuant to, *inter alia,* 28 U.S.C. § 1346(b).

  **b.** **Defendant's Elements Of Proof Necessary For Each Affirmative Defense.**

  1. Plaintiff will not be able sustain his burden of proof on the elements of his prima facie case:

  a. Plaintiff will not be able to prove that Defendant's employee failed to act as a reasonable person under the same or similar circumstances.  Further, Defendant acted with due care and diligence at all times. Ninth Circuit Model Jury Instruction 6.3.

  b. No acts or omissions of Defendant were the proximate cause of any damage to Plaintiff. Ninth Circuit Model Jury Instruction 6.4.

  c. Plaintiff was contributorily negligent and assumed the risk.

  d. Plaintiff cannot sustain his burden of proof on damages Furthermore, Plaintiff's claims are overstated, are unreasonable, are without foundation and are not supported by law. Ninth Circuit Model Jury Instructions 5.1, 5.2.

  e. Plaintiff may have violated his  duty to mitigate his damages. *Sanders v. Beckwith*, 79 Ariz. 67, 283 P.2d 235 (1955).

  f. Plaintiff is not entitled to an award of prejudgment interest, costs or disbursements as to the United States or its employees. 28 U.S.C. §§ 2674, 2678.

  g. To the extent that Plaintiff has or will receive any payments for any alleged injuries from any government source, any finding of liability, which is expressly denied, and any resulting damages award, is subject to set-off. *USA v. Hayashi*, 282 F.2d 599 (9th Cir.1960); *Feeley v. USA*, 337 F.3d 924, 927 (3d Cir.1964). *See also Brooks v. USA*,

337 U.S. 49, 53-54 (1949) ("we now see no indication that Congress meant the United States to pay twice for the same injury").

   h. By listing these affirmative defenses, the United States does not intend to waive its other affirmative defenses.

**3)**   **Factual and Legal Issues Genuinely in Dispute.**

**Plaintiff:**

Plaintiff maintains that Mr. Haney was negligent/negligent *per* se in causing the collision, and that such negligence was the proximate cause of his injuries. He disputes that he was comparatively or contributorily at fault for this accident. It is unlikely that the issue of fault can be narrowed by stipulation.

**Defendant:**

1. Whether Defendant breached a duty to Plaintiff.
2. Whether Plaintiff was contributorily negligent, including his failure to wear a helmet, and whether that negligence caused his injuries and damages.
3. Whether other nonparties at fault, bear fault
4. Whether Plaintiff assumed the risk, particularly when he failed to wear a helmet.
5. What injuries and damages were caused by these events, and whether Plaintiff failed to mitigate them.
6. What is the impact of Plaintiff's preexisting medical and psychological injuries on Plaintiff's current claims.

**4)**   **Jurisdictional Basis of the Case.**

Jurisdiction is proper in this court because Plaintiff's claims are subject to the Federal Tort Claims Act ("FTCA"), and the incident occurred in Phoenix, Arizona. Plaintiff also lives in the State of Arizona and the amount in controversy exceeds the jurisdictional requirement. The U.S. District Court has exclusive jurisdiction to hear FTCA claims once administrative remedies have been exhausted. *Wood v. United States*, 961 F2d 195, 197 (Fed.

Cir. 1992). Venue is only authorized in the district where the plaintiff resides or where the act or omission occurred. 28 U.S.C. § 1402(b).

**5)** **Parties that have not been served, filed an answer, or otherwise appeared.**

None that Plaintiff is aware of at this time.

**6)** **Names of Parties not Subject to Court's Jurisdiction.**

None that Plaintiff is aware of at this time.

**7)** **Dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated.**

**Plaintiff:**

Plaintiff anticipates a potential Motion for Summary Judgment on the issue of liability/negligence.

Plaintiff may move to exclude Defendant's expert opinions under Rule 702, *et seq*.

Plaintiff anticipates filing a motion *in limine* regarding one or both of Plaintiff's prior felony convictions.

**Defendant:**

Defendant anticipates filing motions for summary judgment on Plaintiff's negligence claims upon completion of discovery, and anticipates that Plaintiff will not be able to demonstrate that genuine issues of material fact exist on the elements and claims alleged.

Defendant may also move to exclude Plaintiffs' expert opinions under Rule 702, et seq.

**8)** **Whether the case is suitable for reference to a United States Magistrate or a special master.**

The parties do not believe this case is suitable for reference to a United States Magistrate Judge or a special master.

**9)** **Status of Related Cases Pending Before This or Other Courts.**

Neither Plaintiff nor Defendant are aware of any such pending related cases in existence.

**10)** **The Parties' Discussion on Mandatory Initial Discovery Responses.**

6

**Plaintiff:**

Defendant has requested Plaintiff's unredacted medical records. Plaintiff agrees to provide unredacted medical records, with the exception of any individual redactions that relate specifically to Plaintiff's family members' medical conditions based on HIPAA considerations. Plaintiff requests further instruction from the Court on this matter for proper and amicable disclosure of these particular records.

**Defendant:**

Plaintiff appears to have made many redactions in Plaintiff's written psychological and other medical records in areas that do not appear to be privileged. A review of the records suggest that Plaintiff claims symptoms that are preexisting, and that there are many missing pages. These records cannot be properly redacted since all their contents bear on the precise claims that Plaintiff has placed at issue, *i.e.,* his physical, mental and emotional conditions. Since Plaintiff has placed these conditions at issue, Defendant is entitled to see and evaluate the entire records to determine what is preexisting and what is not, and how these problems relate to each other. Defendant believes the law is clear on this point, but may stipulate to a protective order if Plaintiff remains concerned about medical issues involving other family members, which could impact Plaintiff's own psychological presentation. Further, Defendant anticipates sending Plaintiff medical releases that will enable Defendant to obtained unfiltered medical records directly from Plaintiff's health care providers.

**11)** **Proposed Deadlines.**

    a)    Filing motions to amend the Complaint or additional parties: 3/2/18

    b)    Completion of all fact discovery: 11/23/18

    c)    Disclosure of expert testimony by Plaintiff(s) under Fed. R. Civ. P. 26(a)(2): 12/21/18

    d)    Disclosure of expert testimony by Defendant(s) under Fed. R. Civ. P. 26(a)(2): 01/25/19

    e)    Disclosure of rebuttal expert testimony: 02/22/19

    f)  Disclosure of all witnesses, exhibits, and other matters under Fed. R. Civ. P. 26(a)(3); 4/26/19

    g)  Closure of all discovery: 5/24/19

    h)  Completing good faith discussions of settlement: 01/25/19

    i)  Filing dispositive motions, including Daubert motions: 07/12/19

**12) Scope and/or Phases of Discovery.**

**Plaintiff:**

The Parties agree that there is not a need for narrowed scope of discovery or designated phases of discovery in this case.

Plaintiff anticipates taking the deposition of Mr. Haney, the investigating officer, any fact witnesses, and any expert witnesses for Defendant.

**Defendant:**

Defendant agrees with Plaintiff's statement, and states the following:

1. Defendant will propound written discovery to narrow the factual and legal issues.  Presumably responses to the written discovery will be found in Plaintiff's possession.

2. Defendant anticipates taking Plaintiff's deposition regarding liability and damages, and "impact on life" issues.

3. Defendant anticipates scheduling at least one examination pursuant to Rule 35 to assist in the evaluation of Plaintiff's injury and damages claims.

4. Defendant may take the depositions of Plaintiff's "impact on life" witnesses.

5. Defendant will likely take the depositions of any of Plaintiff's experts at their locations.

6. Defendant may take the deposition of Plaintiff's treating health care providers.

**13) Length of Trial.**

The parties anticipate the length of trial to be 10-14 days.

**14) Jury Trial.**

**Plaintiff:**

8

Plaintiff has requested a Jury Trial in its Complaint, however Defendant contests a jury trial due to the limitations in the FTCA under 28 U.S.C. § 2402.

**Defendant:**

Because this case is brought under the FTCA, a jury trial is not available. 28 U.S.C. § 2402.

**15)    Prospects for Settlement.**

Plaintiff is agreeable to a settlement conference or mediation and is willing to entertain settlement discussions, however Defendant disagrees and believes the current prospects for settlement are poor at this point. Defendant is not willing to entertain settlement discussions at this point, but agrees to revisit this issue after some discovery has occurred.

**16)    Proposed Dates for Certification Proceedings for Class Actions.**

N/A.

**17)    Complex Case Management.**

The parties agree that this case is not appropriate for complex case management on the complex track.

**18)    Other Matters to Aid the Court and Resolution.**

The parties believe they can stipulate to the authenticity of any and all exhibits and will therefore not require that either side present the testimony from any custodians of records.

DATED this 28th day of December, 2017.

**MAYESTELLES PLLC**

By: */s/ J. Blake Mayes*
J. Blake Mayes
Claudia Z. Horan
*Attorneys for Plaintiff*

**United States Attorney**

By: */s/ J. Blake Mayes /for*
Laurence G. Tinsley, Jr.
Assistant U.S. Attorney
District of Arizona
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of December, 2017, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system:

Laurence G. Tinsley, Jr.
Assistant U.S. Attorney
District of Arizona
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
*Attorneys for Defendant*

/s/ J. Blake Mayes